■ MARCELLE C. SEIDMAN, Respondent, v NATHAN B. SEIDMAN, Appellant. NATHAN B. SEIDMAN, Appellant, v MARCELLE SEIDMAN, Respondent.—Order, Supreme Court, New York County (Stanley S. Ostrau, J.), dated May 17, 1985, granting the motion of Marcelle C. Seidman, plaintiff in one action and defendant in the other, for an increase in alimony and related relief to the extent of assigning the matter to a Special Referee to hear and report with recommendations, and which denied the cross motion of Nathan B. Seidman for a preliminary injunction enjoining the sale of shares of stock in a certain cooperative apartment or, in the alternative, requiring the proceeds of such sale to be placed in escrow, unanimously modified, on the law, on the facts, and in the exercise of discretion, without costs, to require that 50% of the proceeds of the sale of stock be placed in escrow, and otherwise affirmed.

One of the two actions with which we are concerned on this appeal is an action by Marcelle C. Seidman for an upward

modification of maintenance payments from her former husband, Nathan B. Seidman. The second action was brought by Nathan B. Seidman against Marcelle C. Seidman, in which he sought judgment imposing a constructive trust on 94 shares of stock in a certain apartment to the extent of 60% of the stock, and for his share of the proceeds from the sale of the apartment, and for related and incidental relief.

We perceive no basis for disturbing that part of Special Term's order that granted Marcelle C. Seidman's motion for an increase of alimony and other relief, to the extent of assigning the matter to a Special Referee to hear and report with recommendations. As to Nathan B. Seidman's cross motion for a preliminary injunction enjoining the sale of the shares of stock in a certain apartment conditioned upon the proceeds of such sale being placed in escrow, we are persuaded that there has been a sufficient showing of merit to his claim of a beneficial ownership of a portion of the proceeds of shares of stock that were concededly purchased with money he advanced to justify, under all the circumstances, placing part of the proceeds of the sale of stock, which has taken place since the order appealed from, in escrow pending the ultimate determination of the issues.

On a motion for interim relief pending determination of this appeal, this court previously granted the husband's application for a preliminary injunction pending the appeal, conditioned to the extent of requiring that 50% of the proceeds of the sale be placed in escrow. We modify the order appealed from in accordance with that determination. Concur—Kupferman, J. P., Sandler, Ross, Asch and Milonas, JJ.